Mr. Victor J. Troiano Troiano Roberts Attorneys At Law Post Office Drawer 829 Lakeland, Florida 33802
Dear Mr. Troiano:
On behalf of the Clerk of the Court of Polk County, you have asked for my opinion on substantially the following question:
How long is the Clerk of the Court required to keep funds that have been deposited into the registry of the court transferring a judgment lien to security under section 55.10(6), Florida Statutes (1993)?
In sum:
Funds that have been deposited into the registry of the court transferring a judgment lien to security pursuant to section55.10(6), Florida Statutes (1993), should be maintained by the clerk for the period during which the lien itself runs, from 7 to 20 years.
Section 55.10(1), Florida Statutes (1993), provides that "[a] judgment, order, or decree becomes a lien on real estate in any county when a certified copy of it is recorded in the official records or judgment lien record of the county . . . and it shall be a lien for a period of 7 years from the date of the recording . . . ." The statute authorizes the extension of this lien for a period not to exceed 20 years from the date of the entry of the judgment, order, or decree.[1]
The statute provides a method whereby a judgment lien may be transferred to other security by any person who has an interest in the real property that is subject to the lien or the contract under which the lien is claimed. Pursuant to section 55.10(6), Florida Statutes (1993):
Any lien claimed under subsections (1), (2), and (3) may be transferred, by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by either depositing in the clerk's office a sum of money or filing in the clerk's office bond executed as surety by a surety insurer licensed to do business in this state. Such deposit or bond shall be in an amount equal to the amount demanded in such claim of lien plus interest thereon at 6 percent per year for 3 years and plus $100 to apply on any court costs which may be taxed in any proceeding to enforce said lien. Such deposit or bond shall be conditioned to pay any judgment, order, or decree which may be rendered for the satisfaction of the lien for which such claim of lien was recorded and costs not to exceed $100. Upon such deposit being made or such bond being filed, the clerk shall make and record a certificate showing the transfer of the lien from the real property to the security and mail a copy thereof by registered or certified mail to the lienor named in the claim of lien so transferred, at the address stated therein. Upon the filing of the certificate of transfer, the real property shall thereupon be released from the lien claimed, and such lien shall be transferred to said security. The clerk shall be entitled to a fee of $10 for making and serving the certificate. If the transaction involves the transfer of multiple liens, an additional charge of $5 for each additional lien shall be charged. Any number of liens may be transferred to one such security.
You question, on behalf of the Clerk of Court, how long the clerk must hold funds that have been deposited with that office pursuant to section 55.10(6), Florida Statutes (1993), for the transfer of a lien.[2]
Nothing in section 55.10(6)-(8), Florida Statutes (1993), authorizes the reduction of the period of time a lien is valid after it has been transferred from the real property in interest to a money deposit with the court. On the contrary, section55.081, Florida Statutes, makes no distinction between an original judgment lien and one that has been transferred. The statute merely provides that "[s]ubject to the provisions of section55.10, no judgment, order, or decree of any court shall be a lien upon real or personal property within the state after the expiration of 20 years from the date of the entry of such judgment, order, or decree." To reduce the period during which the lien may be satisfied in instances where a transfer has occurred would appear to implicate a number of constitutional provisions including impairment of contract,[3] equal protection[4] and due process.[5]
Therefore, it is my opinion that a lien that has been transferred to other security is effective for the same period of time as the original judgment lien it replaces. A judgment lien is statutorily effective for a period of 7 years and may be extended for additional periods up to a maximum of 20 years from the date of the entry of the judgment. It is my opinion that a lien that has been transferred to other security is valid and effective for the same periods of time, dependent on the satisfaction of those conditions established in section 55.10, Florida Statutes (1993).[6]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 55.10(2), (3), (4), Fla. Stat. (1993) and s. 55.081, Fla. Stat. (1993).
[2] Cf., s. 55.10(7), Fla. Stat. (1993), which provides that "[a]ny deposit of money shall be considered as paid into court and shall be subject to the provisions of law relative to payments of money into court and the disposition of these payments." This language appears to require that funds deposited with the court should be invested and managed as are other such funds and does not relate to the period of time during which a transferred lien is effective. See, s. 28.33, Fla. Stat. (1993), relating to the investment of funds deposited with the court; s. 43.18, Fla. Stat. (1993), establishing requirements for the withdrawal of money paid into the court; and s. 43.19, Fla. Stat. (1993) which provides for the disposition of unclaimed funds.
[3] See, Art. I, s. 10, Fla. Const., stating that "No . . . law impairing the obligation of contracts shall be passed."
[4] See, Art. I, s. 2, Fla. Const., which states that "[a]ll natural persons are equal before the law. . . ."
[5] Article I, s. 9, Fla. Const., states that "[n]o person shall be deprived of . . . property without due process of law. . . ."
[6] Pursuant to Ch. 93-250, s. 10, at 2471, Laws of Florida, certain information must be recorded in a separate affidavit when the judgment is recorded for a lien to be imposed against real estate. This requirement is made prospective in its application by s. 11 of the act.